[Cite as *In re M.M.*, 2022-Ohio-579.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

IN THE MATTER OF:

M.M.

**CASE NO. 2021-A-0020**

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2020 JC 00002

## O P I N I O N

Decided: February 28, 2022
Judgment: Affirmed

*Joseph K. Palazzo,* Kurt Law Office, LLC, 4770 Beidler Road, Willoughby, OH 44094 (For Appellant).

*Christopher M. Newcomb*, 213 Washington Street, Conneaut, OH 44030 (For Appellee).

*Carmen M. Hamper*, P.O. Box 2834, Ashtabula, OH 44005 (Guardian Ad Litem).

JOHN J. EKLUND, J.

{¶1} Appellant, the mother, appeals the judgment of the Ashtabula County Court of Common Pleas Juvenile Division, which granted permanent legal custody of her daughter, M.M., to the father.

{¶2} On January 13, 2020, the Ashtabula County Child Services Board filed a complaint for temporary custody of M.M. Appellant retained an attorney to represent her.

{¶3} On February 5, 2020, the court found by clear and convincing evidence that M.M. was abused.

{¶4}   On April 19, 2020, the court granted temporary custody of M.M. to Child Services and placed M.M. in the father's custody.

{¶5}   On June 2, 2020, the court held a semi-annual review hearing.

{¶6}   On November 23, 2020, Appellant voluntarily terminated counsel because she was unhappy with his representation.

{¶7}   On November 23, 2020, Appellant filed a letter notifying the court that she was no longer represented by counsel. In the Notice of Termination of Counsel of Record, Appellant wrote: "I * * * will be acting pro se and do not want any Public Defender appointed in [sic] my behalf at this time."

{¶8}   On March 8, 2021, the court held a Purposes of Change of Temporary Custody hearing. The March hearing had been scheduled in December and the court notified Appellant of the hearing's purpose. At the hearing, the court noted that Appellant was representing herself pro se, but did not advise Appellant of her right to appointed counsel. The court terminated the Child Services Board's temporary custody of M.M. and granted permanent custody of M.M. to the father. The magistrate granted Appellant continuing visitation rights and stated that a supervisor would be appointed for visits. However, the judgment entry does not mention visitation rights and a supervisor was not appointed.

{¶9}   "FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED WHEN IT DID NOT INFORM DEFENDANT-APPELLANT MOTHER OF HER RIGHT TO COUNSEL, AND FOR [sic] THE RIGHT OF INDIGENT PARTIES TO HAVE COUNSEL APPOINTED."

{¶10}   R.C. 2151.352 provides:

Case No. 2021-A-0020

"A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code * * * If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person."

{¶11} Juv. R. 4(A) similarly provides:

"Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding."

{¶12} "Juv. R. 4(A) and R.C. 2151.352 clearly provide parents who are parties to juvenile proceedings with the right to be represented by counsel at all stages of juvenile proceedings." *In Re Lander*, 12th Dist. Butler No. CA99-05-096, 2000 WL 819775, at *2 (June 26, 2000). "Juv. R. 4(A) go beyond federal and state constitutional requirements to afford parties the right to counsel at all juvenile proceedings, unless such right is intentionally waived." *Matter of Richardson*, 4th Dist. Scioto No. CA 1674, 1987 WL 15980, at *9 (Aug. 19, 1987).

{¶13} Appellate courts have expanded R.C. 2151.352 to mandate: "In order to comply with statutory requirements, the juvenile court 'must fully and clearly explain the right to counsel. * * *.' *Lander* at 6. The failure to explain and/or inform a party of their right to counsel in juvenile proceedings constitutes reversible error." *Burton v. Caudill*, 12th Dist. Brown, No. CA2009-12-047, 2010-Ohio-4946, ¶ 32. Courts may infer a parent waived the right to counsel by considering the totality of the circumstances, including the background, experience, and conduct of the parent, or if the parent expressly waived the right to counsel. *In re W.W.E.*, 10th Dist. No. 15AP-167, 2016-Ohio-4552, 67 N.E.3d 159,

3

¶ 39. When a party has failed to object to an issue at the trial court, the argument is waived for purposes of appeal unless the party demonstrates plain error. *State v. Gotel,* 11th Dist. Lake No.2006–L–015, 2007–Ohio–888, ¶ 23. Thus, appellate courts may consider an argument on appeal if the error falls within the plain error doctrine. *Id.* Plain error requires that: "First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain, i.e., the error must be an "obvious" defect in the proceedings. Third, the error must have affected "substantial rights." *State v. Archibald*, 11th Dist. Lake No's 2014-L-005, 2014-L-006, 2014-Ohio-4314, ¶ 16.

{¶14} Here, Appellant appeared without counsel on March 8, 2021, and the court failed to notify her of her right to counsel in the proceedings as R.C. 2151.352 requires. This was an obvious deviation from a legal rule affecting substantial rights. Thus, the argument falls within the plain error doctrine, and we may consider the argument on appeal.

{¶15} Even though Appellant appeared without counsel at the custody hearing, the court never notified her of her statutory right to counsel at the hearing or of her right to appointed counsel if she was indigent. While generally the failure to do so violates R.C. 2151.352, the waiver exception applies. *See, Burton v. Caudill*, supra. When Appellant notified the court of her termination of counsel, she expressly stated: "I * * * will be acting pro se and do not want any Public Defender appointed in my behalf at this time." Even though Appellant's waiver occurred in November and the hearing took place in March, the letter clearly establishes she was aware of her right to appointed counsel months before the March hearing and merely chose to represent herself pro se. Looking at the totality of the circumstances, Appellant's conduct demonstrates she expressly

4

waived her right to be notified of appointed counsel by stating that she wished to proceed pro se without counsel being appointed on her behalf. Therefore, the waiver exception to R.C. 2151.352 applies.

{¶16} Alternatively, R.C. 2151.352 only requires that the court "shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person." The court ascertained that Appellant knew of her right to counsel when she filed her Notice of Termination of Counsel letter to the court stating that she wished to proceed pro se and did not want counsel appointed on her behalf.

{¶17} Appellant's first assignment of error is without merit.

{¶18} We affirm the judgment of the Ashtabula County Court of Common Pleas Juvenile Division on Appellant's first assignment of error.

{¶19} "SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED WHEN IT ISSUED A JUDGMENT ENTRY THAT DID NOT ACCURATELY REFLECT THE JUDGE'S ORDERS AT THE MARCH 8, 2021, HEARING."

{¶20} In Appellant's second assignment of error, she asks that we remand the judgment entry to the lower court for a nunc pro tunc entry reflecting the custody hearing magistrate's order of visitation rights.

{¶21} At oral arguments, Appellant's counsel notified this court that while on appeal, the trial court granted an order reflecting visitation rights and the issue has been resolved.

5

Case No. 2021-A-0020

{¶22} Thus, Appellant's second assignment of error is rendered moot.

MARY JANE TRAPP, J.,

MATT LYNCH, J.

concur.

Case No. 2021-A-0020